UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VOLUNTEER AG PRODUCTS, LLC,

    Plaintiff,

v.                                          Case No.:  2:23-cv-38-SPC-KCD

CH ROBINSON, INC., UTOPIA FARMS LLC, SOUTHEASTERN PRODUCE LLC, BRIAN H. TURNER, BRIAN J. SANDERS and RONALD W. CARTER,

    Defendants.
_____/

## ORDER

Before the Court is Plaintiff Volunteer AG Products, LLC's Motion for Entry of Default Judgment. (Doc. 48.) Volunteer seeks a final judgment against Defendant Ronald W. Carter. The motion is denied for the reasons below.

### I. BACKGROUND

Volunteer is an agricultural company. (Doc 7 at 3.) According to the complaint, it agreed to provide watermelon seeds to two farms on the condition that it receives the watermelon proceeds as payment. (*Id.* at 4.) Both farms failed to pay Volunteer and this lawsuit followed. (Doc 7 at 5.)

Volunteer is pursuing several defendants allegedly involved in the transaction, including Ronald W. Carter. He allegedly owned one of the farms.

Carter failed to answer, and a clerk's default was entered. That brings us to the current motion. Volunteer seeks a final default judgment against Carter under Counts VI and VII.

## II. DISCUSSION

When multiple parties are involved in a lawsuit, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Determining whether there is any just reason to delay entry of a final judgment "requires the district court to balance the judicial administrative interests and relative equitable concerns." *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165–66 (11th Cir. 1997). Circumstances that give rise to Rule 54(b) certifications are rare. *Id.* at 166. Partial final judgments are reserved for those unique instances where the "pressing needs of the litigants" are outweighed by "the risks of multiplying the number of proceedings and overcrowding the appellate docket." *Id.* Against this backdrop, district courts have been counseled to exercise its discretion under Rule 54(b) "conservatively." *Id.*

Volunteer makes no mention of Rule 54(b) in its motion despite its applicability here. *See N. Pointe Ins. Co. v. Glob. Roofing & Sheet Metal, Inc.*, No. 6:12-CV-476-ORL-31, 2012 WL 5378826, at *3 (M.D. Fla. Sept. 4, 2012). This alone is dispositive of the request for a default judgment against Carter.

2

But even considering Rule 54 in the first instance, the Court finds just reason to delay entry of a final judgment for at least two reasons.

First, entering a judgment in favor of Volunteer could create inconsistent judgments. In a multiple-defendant action where only some default, "[t]he 'preferred practice' is to withhold granting default judgment against those defendants until there is an adjudication on the merits as to the non-defaulted defendants." *Nautilus Ins. Co. v. A.J. Cardinal Grp. LLC*, No. 8:18-CV-2778-T-60CPT, 2019 WL 5072094, at *1 (M.D. Fla. Aug. 1, 2019). This avoids inconsistent judgments in situations where the plaintiff's claims depend on the same operative facts and seek substantially the same relief. Those are the circumstances here—Counts VI and VII are brought against all defendants and are based on the same facts arising from an alleged breach of an agreement for failure to pay Volunteer. (*See generally* Doc. 48) These claims also seek the same relief from the defaulted and non-defaulted defendants. (*Id*.) Thus, because Counts VI and VII are brought against all defendants and are based on the same evidence, final judgment should be delayed against Carter to avoid the possibility that inconsistent judgments will later be made regarding the non-defaulting defendants.

Second, denying entry of a judgment in this case furthers the judicial administrative interest in avoiding piecemeal litigation. *Ebrahimi*, 114 F.3d at 166. In instances where "the factual underpinnings of [plaintiff's] adjudicated

3

and unadjudicated claims are intertwined, courts should be hesitant to employ Rule 54(b)." *Id*. The factual underpinnings of plaintiff's claims are intertwined. Thus, granting relief under Rule 54 would only invite piecemeal litigation. As the Eleventh Circuit has said time and again, it's often better to wait until there is finality to enter judgment. Such is the case here.

    Accordingly, it is now **ORDERED**:

    Volunteer's Motion for Entry of Default Judgment. (Doc. 48) is **DENIED WITHOUT PREJUDICE**. Volunteer can petition for a default judgment against Carter when the case concludes as to the remaining defendants.

**ENTERED** in Fort Myers, Florida this May 26, 2023.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record

4